IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY O'BRIEN CARTER, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:04-CV-0649-N (BH) |
| | ) | ECF |
| NATHANIEL QUARTERMAN,[1] Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

**A. Nature of the Case**

Petitioner, a former[2] inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his convictions for child endangerment in Cause No. F01-14109-T and for possession of a controlled substance in Cause No. F01-14111-T. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

---

[1] On June 1, 2006, Nathaniel Quarterman became the Director of the Texas Department of Criminal Justice - Correctional Institutions Division. The Court thus substitutes him for Douglas Dretke. *See* Fed. R. Civ. P. 25(d)(1).

[2] Petitioner has provided a non-prison address in his most recent address change. Although petitioner may no longer be in the physical custody of respondent, nothing before the Court suggests that his release from physical confinement has any impact on the matters before the Court.

**B.  Procedural and Factual History**

On December 5, 2002, a jury convicted petitioner of possession of a controlled substance and child endangerment.  Rep.'s R., Vol. IV at 34-35 [hereinafter cited as RR-volume # at page]. Through a plea bargain, petitioner waived his right to appeal these convictions and pled true to two enhancement paragraphs in exchange for a five-year sentence.  *Id.* at 32-34.  The trial court accepted the plea and sentenced petitioner to five years imprisonment on each count to run concurrently. *Id.* at 38.

Despite waiving his right to appeal, petitioner filed a *pro se* Notice of Appeal to challenge his possession conviction on June 2, 2003.  (*See* Notice of Appeal (contained within state court records provided to the Court).)  On August 6, 2003, the court of appeals dismissed that appeal for lack of jurisdiction because petitioner did not timely file it.  *Carter v. State*, No. 05-03-01087-CR, 2003 WL 21801741, at *1 (Tex. App. – Dallas Aug. 6, 2003, no pet.).  The court of appeals issued its mandate on the untimely appeal on October 30, 2003.  (*See* Mandate (contained within state court records provided to the Court).)

On October 1, 2003, prior to the issuance of the mandate, petitioner filed a state application for writ of habeas corpus for each of his convictions on standard forms used in state habeas actions that seek relief from a final felony conviction under TEX. CODE CRIM. PRO. ANN. art. 11.07.[3]  *See* S.H. Tr.-02[4] at 2; S.H. Tr.-03 at 2.  On March 17, 2004, the Texas Court of Criminal Appeals dismissed the state application related to petitioner's possession conviction because his direct appeal

---

[3]  These standard forms are often referred to as 11.07 forms or simply as an 11.07.

[4]  "S.H. Tr.-02" denotes the state habeas records attached to *Ex parte Carter*, No. 58,000-02, slip op. (Tex. Crim. App. Mar. 17, 2004).  The Court will use "S.H. Tr.-03" to denote the state habeas records attached to *Ex parte Carter*, No. 58,000-03, slip op. (Tex. Crim. App. Mar. 17, 2004).

remained pending. *Ex parte Carter*, No. 58,000-02, slip op. at 1 (Tex. Crim. App. Mar. 17, 2004). That same date, it denied the application related to petitioner's child endangerment conviction without written order on findings of the trial court without a hearing. *Ex parte Carter*, No. 58,000-03, slip op. at 1 (Tex. Crim. App. Mar. 17, 2004).

On March 23, 2004, petitioner filed the instant petition for federal habeas relief. (Pet. Writ of Habeas Corpus (Pet.) at 9; *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). Petitioner also submitted a "Separate Memorandum" with his federal petition. (*See* Separate Mem. at 1-4.) Respondent thereafter filed an answer and provided the state-court records. (Resp.'s Answer [hereinafter Answer].) Petitioner subsequently filed a response to that answer. (*See* Petr.'s Resp. [hereinafter Reply].)

## C. <u>Substantive Issues</u>

Petitioner asserts the following claims related to his convictions:

1.   no probable cause links him to possession of controlled substance;

2.   the informant was unqualified, not credible, and illegally solicited and recruited;

3.   the police operation not approved by any judge;

4.   the police used illegal phone recording, video recording, and money to entrap him;

5.   the informant obstructed justice during the police operation and was left in control of evidence;

6.   the trial court lacked jurisdiction over the possession charge;

7.   the trial court violated the ten-day notice requirement related to new or changed charges against him;

8.      the evidence was insufficient to support endangerment conviction;

9.      evidence was illegally obtained and was fruit of the poisonous tree;

10.     there was an illegal chain of custody related to seized evidence;

11.     police officers committed perjury;

12.     he was denied bail;

13.     the indictment was defective and the trial court failed to read an indictment related to mere possession;

14.     the trial court erroneously instructed jury on charge of delivery of a controlled substance rather than possession of a controlled substance;

15.     the jury was prejudiced in reaching its verdicts;

16.     the trial judge abused his authority by (a) overriding the State's "elected charge and indictment"; (b) overruling his attorney's request for a verdict on chain of custody; (c) not dismissing the endangerment charge; (d) not impeaching the police officers for their perjured trial testimony; (e) not dismissing action or declaring mistrial; (f) overriding the District Attorney on the elected charge of delivery; (g) becoming non-neutral and acting as the District Attorney by offering plea agreements and coercing him to plead; (h) allowing the bailiff to discuss the jury verdicts before the verdicts were rendered by the jury foreman in open court; (i) partially admonishing him; (j) denying him an appeal; (k) denying his right to confront informant at trial; (l) denying him due notice to prepare a defense for possession; (m) not dismissing the charges after all police officers withdrew their statements that led to his arrest; and (n) allowing hearsay testimony;

17.     the bailiff tampered with the jury;

18.     enhancements were not found to be true by the jury;

19.     the trial judge coerced him to accept the plea agreement regarding punishment;

20.     he received ineffective assistance of counsel when his attorney (a) allowed him to be prosecuted for possession even when the charge was for delivery, (b) failed to ask for dismissal after testimony from arresting officers, (c) coerced him to accept plea agreement, thus destroying a "good appeal ground",

4

(d) failed to investigate case before trial, (e) failed to object to bailiff knowing jury verdicts before being read in open court, (f) allowed a change of charges without obtaining time to prepare, (g) failed to mention an appeal, (h) failed to explain the possession charge, (i) failed to file a motion to suppress, and (j) failed to object to plea proceedings;

21.    he was denied his right to appeal;

22.    he was denied his right to confront the informant;

23.    the prosecution engaged in misconduct and vindictiveness;

24.    the evidence was insufficient to support the possession conviction;

25.    he has and is being denied access to court records and an attorney for his habeas challenges; and

26.    his conviction is illegal because the court record is incorrect.

(Pet. at 7-8 and attached pages 10-30 (Claims 1 through 25); Separate Mem. at 1-4 (Claim 26).)[5]

## D.  Procedural Issues

Respondent contends that petitioner has sufficiently exhausted his state remedies only with respect to Claims 16(g), 19, and 21,[6] as they relate to his endangerment conviction.  (Answer at 3-5.)   Respondent argues that all other claims related to the endangerment conviction are unexhausted and procedurally defaulted, and all claims related to the possession conviction are unexhausted and untimely.  (*Id.* at 3-12.)

In response to the answer, petitioner asserts that he has "exhausted every remedy required to file 28 U.S.C. § 2254."  (Reply at 3.)  However, petitioner concedes that he has not previously

---

[5]  In the separate memorandum, petitioner asserts five claims – the first four simply reiterate Claims 14, 18, 22, and 25. The Court has identified the fifth claim set forth in the memorandum as Claim 26, and will refer to it as such throughout these findings.

[6]  Respondent has renumbered and reorganized petitioner's claims. The Court utilizes petitioner's claim numbers, except as already mentioned with respect to Claim 26.

presented Claims 14, 18, 22, and 25 to any court because he "does not have transcripts." (Pet. at 8.) In his Separate Memorandum, petitioner provides facts and exhibits regarding these four claims, as well as Claim 26. (*See generally* Separate Mem.) With respect to the timeliness issue, petitioner claims that application of 28 U.S.C. § 2244(d)(2) makes his petition timely. (*Id.* at 2-3.) He argues that the dismissal of his state habeas application due to a non-existent pending appeal makes the circumstances of this case "extraordinary and rare." (*Id.* at 4.)

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

6

In this case, the denial of petitioner's state writ related to his endangerment conviction constitutes an adjudication on the merits of the claims fairly presented to the Texas Court of Criminal Appeals in such writ. The AEDPA standards enumerated in 28 U.S.C. § 2254(d) thus apply to the claims that petitioner fairly presented to the Court of Criminal Appeals.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the

state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Because petitioner challenges two convictions that followed different procedural paths before petitioner challenged them in this action, the Court will consider each conviction separately. However, the Court first considers petitioner's two claims concerning events that occurred after the two challenged convictions, Claims 25 and 26.

## III.  POST-CONVICTION CLAIMS

In Claim 25, petitioner alleges that he has been and is being denied access to court records and an attorney for his habeas challenges. (Pet. at attached page 30.) In Claim 26, he alleges that his conviction is illegal because the court record is incorrect. (Separate Mem. at 4.) He attaches Exhibits 2 through 6 and 14 through 16 to his memorandum to support these claims. (*Id.* at 3-4 and attachments.) Exhibits 2 through 6 show that petitioner commenced his pursuit of trial records for habeas purposes in June 2003, and that the trial court formally denied his request for records on February 2, 2004. (*See* Exs. 2, 3, 4, 5, and 6 attached to Separate Mem.) Exhibits 14 through 16 simply show the final resolution of petitioner's state writs – a writ of mandamus (WR-58,000-01) and his two state habeas applications (WR-58,000-02 and WR-58,000-03). (*See* Exs. 14, 15, and 16 attached to Separate Mem.) Depending on the challenged conviction, respondent argues that these claims are either unexhausted and untimely or unexhausted and procedurally barred.

These claims are not cognizable under 28 U.S.C. § 2254. Federal habeas relief cannot be had "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d

8

29, 31 (5th Cir. 1995). The courts entertain federal petitions under § 2254 "only on the ground"

that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United

States." *See* 28 U.S.C. § 2254(a). Courts cannot grant habeas corpus relief to correct alleged errors

in state habeas proceedings. *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (holding that

habeas relief was not available for such alleged errors); *see also Morris v. Cain*, 186 F.3d 581, 585 n.6

(5th Cir. 1999) ("[E]rrors in state postconviction proceedings will not, in and of themselves, entitle

a petitioner to federal habeas relief."); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir.

1997) ("infirmities in state habeas [and other post-conviction] proceedings do not constitute grounds

for relief in federal court." ). The alleged errors do not make a petitioner's incarceration violative

of the Constitution or laws or treaties of the United States. Petitioner's challenges to the state post-

conviction proceedings merely attack proceedings collateral to his detention and not his detention

itself. Accordingly, these arguments entitle petitioner to no habeas relief on Claims 25 and 26.

## IV.  CONVICTION FOR ENDANGERMENT OF A CHILD

Respondent argues that, other than Claims 16(g), 19, and 21, petitioner's claims related to

the endangerment conviction are unexhausted and thus procedurally defaulted.

## A.  Exhaustion of State Remedies

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C.

§ 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and

legal basis of any claim to the highest available state court for review prior to raising it in federal

court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429,

432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must

present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or

an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

Petitioner filed no appeal related to his conviction for endangering a child. He did, however, file a state habeas application related to that conviction. *See* S.H. Tr.-03 at 2-11. The Court of Criminal Appeals denied that application. *Ex parte Carter*, No. 58,000-03, slip op. at 1 (Tex. Crim. App. Mar. 17, 2004). Petitioner has thus exhausted the claims related to his endangerment conviction that he fairly presented to the Court of Criminal Appeals in his state habeas application.

To fairly present a claim in a state habeas application, the prisoner must "alert" the highest available state court "to the federal nature of his claim." *Kittelson v. Dretke*, 426 F.3d 306, 315 (5th Cir. 2005).

> A claim is "fairly presented" to the state courts if there has been, for example, (1) reliance on pertinent federal cases employing relevant constitutional analysis; (2) assertion of the claim in terms sufficiently particular as to "call to mind" a specific right protected by the Constitution; or (3) allegations of a pattern of facts that is well within the mainstream of constitutional litigation.

*Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004) (citations omitted), *amended on reh'g on other grounds*, 391 F.3d 703 (5th Cir. 2004). "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). In addition, one does not "fairly present" the substance of a particular claim by raising a claim based upon a different legal theory. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). "It is not enough that all the facts necessary

10

to support the . . . claim were before the state courts or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citation omitted). When a petitioner raises a claim on federal habeas review based upon a legal theory distinct from the theory relied upon in the state court, he has not properly presented the federal claim to the state courts. *See Wilder*, 274 F.3d at 259.

In this instance, petitioner raised five specific grounds for relief in his state habeas application. *See* S.H. Tr.-03 at 7-9. Ground 1 has two parts: (a) legal and factual insufficiency of the evidence and (b) unauthorized police operation and use of confidential informant. *Id.* at 7. In Ground 2, petitioner alleged that the trial court abused its discretion related to its involvement with the plea bargain regarding punishment. *Id.* In Ground 3, he alleged that the trial court created a conflict between the State's elected delivery charge versus the possession charge pursued at trial despite no indictment for possession and no probable cause. *Id.* at 8. Within that ground, he also mentioned that the trial court violated Tex. Code Crim. Proc. Ann. art. 28.10(a) when it failed to grant him ten days to prepare his defense after ruling against him on a matter regarding the charges. *Id.* In Ground 4, petitioner alleged that the court lacked jurisdiction over the child endangerment charge because nothing affirmatively linked him to the child. *Id.* In a ground for relief submitted on an attached page, petitioner complained about being denied an appeal. *Id.* at 9.

The State filed a response to the state application addressing the following five claims: (1) insufficiency of the evidence; (2) abuse of discretion by trial court regarding conflicting admonishments given with respect to accepting the plea; (3) a conflict of the State's election regarding a possession or delivery charge; (4) the trial court lacked jurisdiction to bring child endangerment charge; and (5) denial of right to appeal. *See id.* at 134-35.

11

The trial court thereafter entered findings of fact and conclusions of law in which it addressed the same five claims, but rephrased the second one as follows: "The Judge abused his discretion by accepting Applicant's plea." *Id.* at 139-40. With respect to the sufficiency claim, the trial court found the claim "not properly raised in a writ of habeas corpus." *Id.* at 140. In addition, the trial court found the third state claim not properly before the Court because it related to the possession conviction, not the endangerment conviction which was the subject of the state application. *Id.* It further found the third claim not cognizable on state habeas review because it neither raised a jurisdictional defect nor a denial of a fundamental or constitutional right. *Id.* at 140-41. The trial court denied the other three claims because they lacked merit. *Id.*

The Court finds that petitioner fairly presented his current Claims 1, 2, 3, 7, 8, 16(g), 19, and 21 concerning the child endangerment conviction within the procedurally correct state form.[7] The fact that the state courts made no explicit ruling on each of these seven claims "bears no weight on whether the claim has been exhausted. Once a federal claim has been submitted to the state's

---

[7]     Fair presentation to the Texas Court of Criminal Appeals requires that the petitioner set forth the claims in the standard 11.07 application as required by the Texas procedural rules. Texas takes a strict approach with respect to the form of 11.07 applications. *See* Tex. R. App. P. 73.1 (requiring a specific form and specific contents for a state application for habeas relief under article 11.07 of the Texas Code of Criminal Procedure). Rule 73.1(a) requires that applicants use a standard 11.07 form prescribed by the Court of Criminal Appeals. Subparagraph (c) requires that applicants (1) "provide all information required by the form"; (2) "specify all grounds for relief"; and (3) "set forth in summary fashion the facts supporting each ground." The Court of Criminal Appeals will not accept a post-conviction application for writ of habeas corpus unless it is on the standard form prescribed by the court. *See* Tex. R. App. P. 73.2. The Supreme Court has found that reviewing courts in Texas need not "read beyond" the standard 11.07 application to ascertain the claims raised on state habeas review. *See Baldwin v. Reese,* 541 U.S. 27, 32 (2004).

     In this case, Petitioner attached the following items to the standard 11.07 application following the verification pages: (1) a five-page motion for evidentiary hearing; (2) a one-page handwritten "Application for Writ of Habeas Corpus with Special Memorandum"; (3) a letter asking the Dallas County clerk to accept an enclosed original 11.07 and its supporting memorandum; and (4) a 109-page, handwritten "Application for Writ of Habeas Corpus Memorandum" including attached exhibits. *See* S.H. Tr.-03 at 12-127. These attachments go well beyond the procedural requirements for filing his state application for writ of habeas corpus under Texas rules. Indeed, no state court considered any claim that was omitted from the standard 11.07 application. Thus, although petitioner may have raised additional claims in the handwritten documents attached to the standard 11.07 application, any such additional claims were not fairly presented to the Court of Criminal Appeals in accordance with Texas procedure and therefore were not exhausted.

highest court, the exhaustion requirement is satisfied, even if the state court fails to address the federal claim." *Soffar*, 368 F.3d at 467.

Although petitioner presented Claim 8 within his 11.07 application, he did not present this insufficiency claim a procedurally proper manner. Under Texas law, it has long been held that challenges to the sufficiency of the evidence of a conviction must be raised on direct appeal. *See Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994) (holding evidentiary sufficiency claims not cognizable in post-conviction, collateral attack); *West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996) (recognizing the long-standing legal principle under Texas law). The trial court specifically invoked this bar to considering petitioner's sufficiency claim on state habeas review. S.H. Tr.-03 at 140. The Court of Criminal Appeals denied petitioner's relevant state application on the findings of the trial court, *Ex parte Carter*, No. 58,000-03, slip op. at 1 (Tex. Crim. App. Mar. 17, 2004), and thus specifically adopted the procedural reason for not considering the sufficiency of the evidence claim. Because petitioner has not presented his insufficiency claim in a procedurally proper manner, he has not exhausted Claim 8.

For the foregoing reasons, the Court finds that petitioner has exhausted his state remedies relative to Claims 1, 2, 3, 7, 16(g), 19, and 21 raised in his federal petition as such claims relate to his endangerment conviction. The Court next considers whether the unexhausted claims are procedurally barred from federal habeas review.

## B. Procedural Bar

In general, federal courts may not review a state court decision that rests on an adequate and independent state procedural default unless the habeas petitioner shows "cause" for the default and "prejudice attributable thereto" or demonstrates that the failure to consider the federal claim will

13

result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989). When the last state court to review a claim clearly and expressly states that its judgment rests on a procedural bar, the procedural default doctrine generally bars federal review. *See id.*; *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995). Furthermore, when a claim has not been reviewed by the state's highest court, this Court may find such claim procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply when a petitioner has not presented his claims to the highest court of the state and the state court to which he would be required to present his claims would now find the claims procedurally barred. *Id.*

To present a claim to the highest state court means that the petitioner has fairly presented such claim to the correct court in a procedurally proper manner. *See Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). The Court has already determined that petitioner has not fairly presented his unexhausted claims to the Court of Criminal Appeals. In light of that determination, to find that the unexhausted claims are procedurally barred from federal habeas review, the Court must find that (1) the state court either relied upon such default or would do so if the claim were now presented to it and (2) petitioner has not overcome the procedural bar by showing cause for and prejudice from such default, or by demonstrating that application of bar will result in a fundamental miscarriage of justice. In this case, the alleged default with respect to petitioner's sufficiency-of-the-evidence claim (Claim 8) differs materially from the alleged default with respect to the other unexhausted claims. The Court thus addresses Claim 8 separately.

**1.** *Claim 8 – Legal Sufficiency of the Evidence*

Respondent urges the Court to find Claim 8 procedurally barred because petitioner did not raise it on direct appeal. (Answer at 17-20.)

As already discussed, a review of the claims petitioner raised in state court reveals that he did not fairly raise his sufficiency claim to the Court of Criminal Appeals in a procedurally proper manner. He filed no appeal with respect to his endangerment conviction. The failure to challenge the legal sufficiency of the evidence on direct appeal constitutes "a procedural default under state law" that may bar this Court from reviewing the claim on federal habeas review. *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994); *Cross v. Johnson*, 169 F. Supp. 2d 603, 614-15 (N.D. Tex. 2001). Petitioner did not cure the procedural default by presenting his legal sufficiency claim to the Court of Criminal Appeals in his state application for writ of habeas corpus. The trial court specifically declined to consider the sufficiency claim on habeas review because petitioner had not raised it on appeal, S.H. Tr.-03 at 140, and the Court of Criminal Appeals adopted that procedural reason for not considering the claim, *see Ex parte Carter*, No. 58,000-03, slip op. at 1 (Tex. Crim. App. Mar. 17, 2004). Thus, petitioner has procedurally defaulted his legal-sufficiency-of-the-evidence claim under Texas law.

Such default constitutes an adequate and independent state procedural ground to bar federal habeas review. When a defendant fails to properly exhaust insufficiency-of-the-evidence claims, the Court may find the claims procedurally barred if the "time to file a petition for discretionary review has expired." *Haley v. Cockrell*, 306 F.3d 257, 264 (5th Cir. 2002) (citing Tex. R. App. P. 68.2), *vacated on other grounds*, 541 U.S. 386 (2004). Petitioner cannot now present the claim in a PDR because the time for doing so has passed. Further, he cannot present the claim in another state writ

15

because such presentation is not proper under state law.  Consequently, the Court may find the claim procedurally barred.

To overcome the procedural bar, a petitioner must demonstrate "(1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law or (2) that failure to consider his claims will result in a fundamental miscarriage of justice." *Smith v. Johnson*, 216 F.3d 521, 524(5th Cir. 2000) (quoting *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997)).  Although petitioner has filed a response to respondent's answer, he has shown no cause for his procedural default or that the failure to consider his insufficiency claim will result in a fundamental miscarriage of justice.  The miscarriage of justice exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)).  Petitioner has not shown as a factual matter that he did not commit the crime of endanger-ment of a child.  He has not overcome the state procedural bar.  Accordingly, the procedural default doctrine bars federal habeas relief on his legal-sufficiency-of-the-evidence claim, and the Court will not review this claim.

### 2. *Other Unexhausted Claims*

Respondent urges the Court to find petitioner's other unexhausted claims procedurally barred because petitioner did not properly present them to the Court of Criminal Appeals.  As already found, petitioner has not fairly presented Claims 4, 5, 6, 9 through 18 (except 16(g)), 20, and 22 through 24 to the Court of Criminal Appeals.  The failure to properly present these claims to the highest court in Texas constitutes a procedural default that could bar this Court from considering

16

such claims on federal habeas review. *See In re Bagwell*, 401 F.3d 312, 315 (5th Cir. 2005); *Busby v. Dretke*, 359 F.3d 708, 724 (5th Cir. 2004).

Were this Court to require petitioner to present these claims Court of Criminal Appeals, the claims would be subject to dismissal under the Texas abuse-of-the-writ doctrine, Tex. Code Crim. Pro. Ann. art. 11.07, § 4.[8] That doctrine "prohibits a second [state] habeas petition, absent a showing of cause, if the applicant urges grounds therein that could have been, but were not, raised in his first habeas petition." *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (footnote omitted). "[A]rticle 11.07 § 4 is an adequate and independent state procedural ground to bar federal habeas review and . . . has been strictly and regularly applied since 1994." *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000). When such a state procedural ground exists, "federal courts ordinarily will not review questions of federal law." *Id.* Consequently, unless petitioner can overcome the procedural bar, the unexhausted claims will not be further considered.

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate cause and prejudice or a fundamental miscarriage of justice. *Id.* at 524. For the reasons already stated, petitioner has not shown himself to be actually innocent of endangering a child and therefore cannot show that a fundamental miscarriage of justice will result from a failure to consider his claims. In addition, petitioner has shown no cause for failing to raise the claims to the Court of Criminal Appeals. Petitioner could have presented the claims to the Court of Criminal Appeals through his *pro se* state application for writ of habeas corpus. Although petitioner asserts

---

[8] Texas also has an abuse of writ doctrine specifically applicable to capital cases. *See* Tex. Code Crim. P. Ann. art. 11.071, § 5(a). No material difference exists between the rules or their analysis. *Emery v. Johnson*, 139 F.3d 191, 195 n.3 (5th Cir. 1997). The Court may thus freely cite to either capital or non-capital cases that address the abuse of writ doctrine.

17

that he did previously present Claims 14, 18, and 22 because he did not have relevant transcripts, he would have known the factual bases for such claims even without the transcripts and could have asserted them in a state habeas application. Petitioner presents no reason for his failure to raise any of the defaulted claims in his state application, and the Court finds no adequate reason for the failure.

For the foregoing reasons, petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on Claims 4, 5, 6, 9 through 18 (except 16(g)), 20, and 22 through 24 to the extent such claims relate to petitioner's endangerment conviction. The Court next addresses the merits of petitioner's non-defaulted claims, *i.e.*, Claims 1, 2, 3, 7, 16(g), 19, and 21.

## C.  Merits Analysis

In his non-defaulted claims, petitioner claims that (1) there is an absence of probable cause that links him to possession of a controlled substance (Claim 1); (2) the State illegally solicited and recruited an unqualified informant who was not credible (Claim 2); (3) no judge approved the police operation that resulted in his arrest (Claim 3); (4) the trial court violated a ten-day notice requirement (Claim 7); (5) the trial judge abused his authority when he became non-neutral and coerced him into entering a plea with respect to sentencing (Claims 16(g) and 19); and (6) he was denied his right to appeal (Claim 21). Because the latter three claims invite consideration of the voluntariness of petitioner's sentencing plea and impacts resolution of Claims 1, 2, and 3, the Court first considers the voluntariness of such plea as it resolves Claims 16(g), 19, and 21.

1. *Voluntariness of Sentencing Plea (Claims 16(g), 19, and 21)*

Although the plea process in this case was atypical in the sense that the trial court had some involvement in the plea, *see* RR-IV at 32-34 (showing that the court "requested . . . that the parties look at a plea bargain agreement" in the event of a guilty verdict; that the court disclosed the guilty verdict prior to the verdict being announced in open court; and that the court facilitated the plea agreement), the record does not demonstrate that anyone coerced petitioner to enter his sentencing plea. While a court's involvement may exert a coercive effect during the plea process, the actions of the court in this case did not rise to the level of coercion necessary to invalidate an otherwise voluntary plea. Had petitioner chosen not to plea, he would have proceeded to sentencing before the jury based upon his request that the jury determine punishment. *See id.* at 32. The trial transcript, furthermore, shows that petitioner voluntarily entered his plea and waived his right to appeal on the advice of his attorney. *See id.* at 32-34. In addition, state records reflect that petitioner voluntarily relinquished his right to appeal. *See* RR-V (State's Exs. A and B contained within Ex. Index).

Although petitioner's claims of ineffective assistance of counsel are procedurally barred from habeas review, the Court finds that no ineffective assistance of counsel rendered the plea involuntary. When a prisoner challenges a plea of true to enhancement paragraphs based upon ineffective assistance of counsel, the petitioner has the "burden to demonstrate a reasonable probability that, but for counsel's errors, he would not have admitted his prior convictions and would have demanded a trial on the multiple offender charge." *See Joseph v. Butler*, 838 F.2d 786, 791 (5th Cir. 1988). Petitioner has not satisfied this burden. He received concurrent five year sentences for two convictions that could have separately resulted in sentences between two and twenty years. The

Court finds no reasonable probability that petitioner would have demanded a trial on the enhancement paragraphs.

Because the Court finds that the trial court did not coerce petitioner into entering his sentencing plea, Claim 19 entitles petitioner to no habeas relief.  Furthermore, because the Court finds that petitioner voluntarily entered his plea, and thus voluntarily waived his right to appeal, no one deprived him of that right and Claim 21 entitles him to no habeas relief.

The finding of no coercion by the trial court resolves part of Claim 16(g).  That claim, however, also alleges that the trial court erred in becoming non-neutral and acting like a District Attorney with respect to the plea proceedings.  The Court need not decide whether the actions of the trial court constitute error because the alleged errors do not entitle petitioner to habeas relief. A petitioner is entitled to federal habeas relief due to trial error only if "the error 'had substantial and injurious effect or influence in determining the . . . [outcome].'"  *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).  Because the actions of the trial court did not invalidate or render petitioner's sentencing plea involuntary, the Court finds that the actions of the trial court had no substantial or injurious effect or influence on the plea process or sentencing.  Claim 16(g) entitles petitioner to no habeas relief.

## 2.  *Claims 1, 2, and 3*

In Claims 1 through 3, petitioner raises claims that go to the validity of the police operation that resulted in his arrest and convictions.  He provides no federal or constitutional basis for such claims.  To the extent that he argues that his convictions were obtained by use of evidence gained from an unconstitutional search and seizure, such claims arise under the Fourth Amendment to the United States Constitution.  *See Avery v. Procunier*, 750 F.2d 444, 448 (5th Cir. 1985).  This Court,

however, cannot grant federal habeas relief on such Fourth Amendment claims when "the State has provided an opportunity for full and fair litigation" of such claims. *See Stone v. Powell*, 428 U.S. 465, 494 (1976). Because the focus is on an opportunity for a full and fair litigation of Fourth Amendment claims, when a defendant has "deliberately bypassed state procedures for making his Fourth Amendment objections known or if he knowingly waived his Fourth Amendment objections", the federal courts are "precluded from granting habeas corpus relief" even if there has been no state hearing on such claims. *O'Berry v. Wainwright*, 546 F.2d 1204, 1213-14 (5th Cir. 1977) (footnote omitted).

In this case, petitioner could have moved to suppress the evidence obtained from the alleged illegal search and arrest at trial, *see* Tex. Code Crim. Proc. Ann. art. 28.01, § 1(6) (Vernon 1989), but nothing of record indicates that he did so. In addition, as found in the preceding section, petitioner voluntarily waived his right to appeal, and thus did not raise any Fourth Amendment claim on appeal, either. Petitioner did not raise these claims until he filed his state petition for writ of habeas corpus. Accordingly, these claims are barred from consideration by this Court on habeas review by *Stone*.

> An "opportunity for full and fair litigation" means just that: an opportunity. If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes.

*Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978), *accord*, *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002).

Because Texas provides the processes whereby petitioner could have obtained full and fair litigation of his Fourth Amendment claims, *Stone* precludes habeas relief on these claims. Claims 1, 2, and 3 entitle petitioner to no federal habeas relief.

### 3. *Claim 7*

In Claim 7, petitioner complains about an alleged violation of a state-law requirement for ten days notice to respond to an amended indictment or information set forth in Tex. Code Crim. Proc. Ann. art. 28.10(a) (Vernon 1989). Article 28.10(a) provides:

> After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

In this instance, the record reflects that, on the day trial commenced, the State amended the indictments by striking language that petitioner had an "intent to deliver" a controlled substance. RR-II at 6, 10. The record further reflects that defendant made no request for a period of time to respond to the amended indictments. *Id.* at 6-14. Under these facts, the Court finds no error by the trial court related to according petitioner ten days to prepare a defense.

In addition, the Court finds that a violation of the ten-day notice requirement is a matter of state law that entitles petitioner to no habeas relief. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). As previously mentioned, petitioner is entitled to federal habeas relief due to trial error only if "the error 'had substantial and injurious effect or influence in determining the . . . verdict.'" *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). The alleged violation of the ten-day

notice requirement centers around a change in the indictments to delete language regarding peti-tioner's intent to deliver a controlled substance.  After such deletion, the charges merely reflected possession of a controlled substance.  In light of the alleged change, the Court finds that the alleged error of the trial court had no substantial or injurious effect or influence on the verdict.  Conse-quently, petitioner is entitled to no habeas relief on Claim 7, even if the Court assumes that the trial court somehow erred with respect to the ten-day notice requirement.

In conclusion, the Court finds most of petitioner's twenty-six claims unexhausted and procedurally barred from federal habeas review as they relate to his conviction for endangerment of a child.  For those claims that petitioner fairly presented to the Court of Criminal Appeals, the Court finds that they lack merit and thus entitle petitioner to no federal habeas relief.

### V.  CONVICTION FOR POSSESSION OF A CONTROLLED SUBSTANCE

Respondent argues that all of petitioner's claims related to his possession conviction are unexhausted and untimely.  (Answer at 6-12.)

### A.  <u>Exhaustion of State Remedies</u>

In this case, petitioner filed no petition for discretionary review from the appeal of his pos-session conviction.  Although he has filed two state habeas applications, the application related to his possession conviction was dismissed because his appeal remained pending until the court of appeals issued its mandate.  Consequently, petitioner presented no claim related to his possession conviction to the Court of Criminal Appeals in his state habeas application.  Peititioner's claims concerning his possession conviction are thus unexhausted.

Notwithstanding the failure of petitioner to exhaust his state remedies, the Court may deny the instant "writ of habeas corpus . . . on the merits."  *See* 28 U.S.C. § 2254(b)(2).  Such a denial

may be predicated on the untimeliness of the petition.  *See Scott v. Johnson*, 227 F.3d 260, 262-63 (5th Cir. 2000).  The Court thus considers the timeliness of the instant federal petition as it relates to petitioner's possession conviction.

## B.  Timeliness

Congress enacted the AEDPA on April 24, 1996.  Because petitioner filed the instant petition after its effective date, the Act applies to his petition.  One of the major changes embodied in AEDPA is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See id.* § 2244(d)(1)(A)-(D).

Petitioner does not rely upon subparagraph (C) for finding his § 2254 petition timely.  He also does not specifically rely upon subparagraph (B) although he does argue that the trial court has denied him access to a copy of court records and transcripts thus preventing him from raising some of his claims previously.  Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from (A) the date petitioner's conviction became final unless an impediment under (B) or a factual predicate under (D) provides a later commencement date.

## 1. *Finality of Conviction*

In this case, the record does not reflect that petitioner filed a motion for new trial after the trial court entered judgment and sentenced him. Although he filed an untimely appeal, such appeal fails to maintain "direct review" and does not operate to delay the start of limitations. *See Foreman v. Dretke,* 383 F.3d 336, 341 (5th Cir.2004) (holding that the sole question with respect to determining direct review for limitations purposes is "whether [petitioner] filed a timely appeal in the state court system"); *Zinsou v. Dretke,* No. 4:04-CV-556-A, 2004 WL 2165378, at *2 (N.D. Tex. Sept. 24, 2004), *adopted by* 2004 WL 2381243 (N.D. Tex. Oct.22, 2004); *Lavarry v. Johnson,* No. 3:00-CV-2449-G, 2001 WL 376335, at *2 (N.D. Tex. Apr.12, 2001), *adopted by* 2001 WL 484426 (N.D. Tex. May 2, 2001). Consequently, for purposes of § 2244(d)(1)(A), petitioner's possession conviction became final thirty days after the trial court sentenced him. *See Scott v. Johnson,* 227 F.3d 260, 262 (5th Cir.2000) (noting that a conviction becomes final under Texas law thirty days after the defendant was sentenced and failed to file an appeal). Petitioner's possession conviction thus became final in January 2003, thirty days after the trial court sentenced him to five years imprisonment.

## 2. *Impediment*

Petitioner's argument that the trial court has denied him access to a copy of court records and transcripts invite the Court to consider whether "an unconstitutional 'State Action'" prevented him from filing his federal habeas petition. Although petitioner's argument suggest potential application of § 2244(d)(1)(B), he has shown no impediment that falls within the purview of that subparagraph. To satisfy this subparagraph, "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v.*

25

*Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). While this section does not define what constitutes an "impediment", its "plain language . . . makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002). As the Court has already found, the lack of state records did not prevent petitioner from raising Claims 14, 18, and 22 in his state application for writ of habeas corpus related to his endangerment conviction. Correspondingly, petitioner could have raised the claims in his state application related to his possession conviction. In addition, other than Claims 25 and 26, which this Court has found not to be cognizable in this § 2254 action, petitioner raised his other claims in his state petition that was dismissed because of his pending appeal. It is thus clear that the lack of state records did not prevent petitioner from timely filing the instant federal petition. Consequently, the Court finds no State-created impediment that prevented petitioner from timely filing the instant action. The one-year statute of limitations is therefore calculated from the date petitioner's judgment of conviction became final or the date he knew or could have known through the exercise of due diligence the factual basis of his claims.

### 3. *Factual Predicate*

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief also became known or should have become known with the exercise of due diligence prior to the date petitioner's state judgment of conviction became final in January 2003.

Accordingly, a literal application of § 2244(d)(1) renders petitioner's March 23, 2004 filing untimely because it was filed more than one year after his conviction became final.

26

4. *Tolling*

AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which a properly filed state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

Because the Texas Court of Criminal Appeals dismissed petitioner's state petition related to his possession conviction due to his pending appeal, petitioner did not properly file such petition so as to invoke the statutory tolling provision of 28 U.S.C. § 2244(d)(2). *See Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir. 2004) (holding that a state application for writ of habeas corpus that is erroneously accepted by a court which lacks jurisdiction over the writ is not properly filed); *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000) (holding that the Texas Court of Criminal Appeals has no jurisdiction over a state writ until the direct appeal is final). Petitioner has properly filed no state application related to his possession conviction. He is thus entitled to no statutory tolling under § 2244(d)(2).

Although petitioner argues that the dismissal of his state habeas application due to a non-existent pending appeal makes the circumstances of this case "extraordinary and rare", (Reply at 4), he provides nothing which indicates that rare and exceptional circumstances warrant equitable tolling, *see Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations

27

is subject to equitable tolling).  Petitioner's appeal of his possession conviction remained pending

under state law until the court of appeals issued its mandate on October 30, 2003.[9]  That the appeal

was dismissed on August 6, 2003, did not render it "non-existent" as characterized by petitioner.

The dismissal of petitioner's state habeas application due to the pendency of his appeal does not

make this case appropriate for equitable tolling.  Furthermore, although the Court of Criminal

Appeals did not dismiss the pending state application until after the expiration of the federal

limitations period, the State "did not mislead [him] in any way or prevent him from asserting his

rights, [his] own action of filing his state habeas application before his judgment was final, rather

than any action taken by the state court, prevented him from asserting his rights." *Larry*, 361 F.3d

at 897.  Had petitioner

> "properly filed" his state habeas application in accordance with Texas law the federal
> statute of limitations would have tolled for the entire period his application was
> pending before the state habeas courts.  It is important to note that the jurisdictional
> requirement that [petitioner] violated is not a complicated one and involves no judi-
> cial scrutiny.

*Id.*  That petitioner may not have understood the significance of the issuance of mandate does not

warrant equitable tolling.  "[I]gnorance of the law or of statutes of limitations is insufficient to war-

rant tolling." *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).  In the absence of equitable

tolling, the instant petition falls outside the statutory period and should be deemed untimely to the

---

[9]  An individual convicted of a felony offense in Texas has two avenues through which he or she may challenge the
conviction – direct appeal and state habeas.  If the individual pursues a direct appeal, such appeal deprives the habeas
courts of jurisdiction until the appeal becomes final by entry of the mandate by the court of appeals.  *See Ex parte Johnson*,
12 S.W.3d 472, 473 (Tex. Crim. App. 2000) (per curiam) (recognizing that the Texas Court of Criminal Appeals "does
not have jurisdiction to consider an application for writ of habeas corpus pursuant to Art. 11.07 until the felony judgment
from which relief is sought becomes final" by issuance of the mandate by the court of appeals).  In this instance, petitioner
pursued an untimely direct appeal with respect to his possession conviction but pursued no appeal with respect to his
endangerment conviction.  Although the court of appeals dismissed the appeal on August 6, 2003, it did not issue its
mandate until October 30, 2003.  Thus, although the appeal may have appeared to be final on August 6, 2003, it did not
become legally final in accordance with Texas law until October 30, 2003.  *See id.*

extent it challenges petitioner's possession conviction.   The instant challenge to petitioner's possession conviction thus entitles him to no habeas relief.

## VI.  EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## VII.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

SIGNED this 22nd day of September, 2006.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE